UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY SPECK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY, et al.,<br><br>Defendants. | Case No. 20-cv-05845-JD<br><br>**ORDER RE MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 278, 279 |

Defendants General Dynamics Corporation and Bath Iron Works Corporation ask to dismiss the remaining claims in the second amended complaint (SAC) brought by representatives of the estate of John C. Speck. Dkt. Nos. 278, 279. The parties' familiarity with the record is assumed, and the motions are granted in part. The requests for judicial notice, Dkt. Nos. 285 and 288, are terminated and were not considered for this order.

1. <u>Negligence.</u> Maritime law applies to the negligence claim. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The district courts in our circuit and elsewhere have so concluded. *See, e.g.*, *In re Toy Asbestos*, No. 19-CV-00325-HSG, 2021 WL 1930992, at *3 (N.D. Cal. May 13, 2021) (and cases cited therein); *Mack v. Gen. Elec. Co.*, 896 F. Supp. 2d 333, 335 (E.D. Pa. 2012) (MDL). Plaintiffs have not presented a good reason to conclude otherwise, and have referred to maritime law in the SAC. *See* Dkt. No. 260 (SAC) ¶¶ 3, 11 (alleging that that Speck was exposed to asbestos "at Mare Island Naval Shipyard in Vallejo, California," and that defendants breached their duty "pursuant to state and maritime law.").

The claim of general negligence, *see* SAC ¶ 11, will go forward. Defendants' own case citation states that naval asbestos plaintiffs may sue "under a theory of negligence." *McIndoe v.*

*Huntington Ingalls Inc.*, 817 F.3d 1170, 1174 (9th Cir. 2016).  Defendants' suggestion that the negligence claim "is nothing more than a recrafted first cause of action for strict product liability," Dkt. No. 278 at 7 and Dkt. No. 279 at 6, is not ground for dismissal because product liability claims under maritime law may be "based both on negligence . . . and on strict liability." *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 865, (1986).

The negligent product liability claims underlying plaintiffs' negligence cause of action, SAC ¶¶ 12-15, will go forward only for products other than the naval ships and submarines themselves, such as electrical and mechanical equipment on the vessels, "including switch gear, circuit breakers, panel boards, motor starters, motor controllers . . . asbestos arc chutes, ebony board, phenolic materials, paper, wire and cable[,] . . . pumps, valves, and turbines."  SAC ¶ 4.1. Navy vessels, like the "ships constructed by Bath Iron Works" and the "ships and submarines" constructed by General Dynamics, *id.*, are not "themselves 'products' under maritime law," *McIndoe*, 817 F.3d at 1174, so they cannot be the basis of a product liability claim.  The systems and components within the vessels are another matter.  *See Air and Liquid Sys. Corp. v. DeVries*, 139 S.Ct. 986 (2019).

2. <u>Fraud and Conspiracy to Defraud.</u>  Plaintiffs have not alleged these claims with the requisite degree of particularity under Federal Rule of Civil Procedure 9(b), and they are dismissed with leave to amend.  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Plaintiffs should, "at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Id.* at 765. The SAC contains no specific allegations about General Dynamics and Bath Iron Works, in telling contrast to the allegations about defendants Honeywell and Borg Warner.  *See* Dkt. No. 260 ¶¶ 17-18, 20-21, 23-24.

Plaintiffs may file a third amended complaint consistent with this order by February 24, 2022.  A failure to meet this deadline will result in dismissal with prejudice under Rule 41(b). Plaintiffs are advised that including multiple counts under a single cause of action, as the current SAC does, is not consistent with a "short and plain statement of the claim" as mandated by Federal Rule of Civil Procedure 8(a).  Plaintiffs are also required to state their claims "in

2

numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). If defendants move to dismiss, they should file a joint brief to the fullest extent possible, and avoid duplicative filings.

**IT IS SO ORDERED.**

Dated: February 3, 2022

JAMES DONATO
United States District Judge