Claire C. Weglarz (SBN 233609)
cweglarz@hpylaw.com
Ana T. Reeg (SBN 206193)
areeg@hpylaw.com
**HAWKINS PARNELL & YOUNG** LLP
445 South Figueroa, Suite 3200
Los Angeles, California 90071-1651
Telephone:    (213) 486-8000
Facsimile:     (213) 486-8080

Attorneys for Defendant,
ERICSSON INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES ANTHONY SPECK, Individually and as Successor in Interest to Decedent JOHN C. SPECK, JULIE CRYSTAL ANDERSON and TAMMY LOUISE ANDERSON, <br><br> Plaintiffs, <br><br> vs. <br><br> 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al., <br><br> Defendants. | Case No. 3:20-CV-05845-JD <br><br> *Transferred from Alameda County Superior Court Case No. RG20062294* <br><br> **DEFENDANT ERICSSON INC.'S REPLY BRIEF in support of MOTION for SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (DKT. NO. 346)** <br><br> *[Concurrently filed with Declaration of Ana T. Reeg]* <br><br> Date:            October 6, 2022 <br> Time:            10:00 a.m. <br> Courtroom:    11 <br><br> District Judge:    Hon. James Donato |

Defendant Ericsson Inc. submits this Reply Brief in support of its Motion for

Summary Judgment or, in the Alternative, Partial Summary Judgment.

/ / /

# TABLE OF CONTENTS

I. STATEMENT OF ISSUES TO BE DECIDED ..............................................1

II. STATEMENT OF RELEVANT FACTS..................................................1

III. REPLY ARGUMENT AND PERTINENT AUTHORITIES...........................1

    A. ERICSSON CARRIED ITS INITIAL BURDEN OF PRODUCTION AND

       PERSUASION ON ITS MOTION ................................................................2

    B. SPECK FAILED TO DESIGNATE SPECIFIC FACTS OR PRESENT

       SIGNIFICANTLY PROBATIVE EVIDENCE SHOWING THAT THERE IS A

       GENUINE ISSUE FOR TRIAL....................................................................3

      1. Decedent's Deposition Testimony Confirms No Threshold Exposure ...........3

      2. Decedent's Discovery Responses Confirm No Threshold Exposure...............4

      3. The Snider Declaration is Admissible and Confirms No Threshold

        Exposure ..........................................................................................5

      4. Charles Ay's Report Lacks Foundation and is Immaterial .................................7

    C. THERE IS NO EVIDENCE TO SUPPORT SPECK'S FRAUD OR PUNITIVE

       DAMAGES CLAIM.................................................................................8

    D. ERICSSON'S EVIDENTIARY OBJECTIONS.............................................9

IV.     CONCLUSION ....................................................................................13

1

## TABLE OF AUTHORITIES

2

Cases

3   *Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1523 (7th Cir. 1989) ........................7

4   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986) ......................................3, 5, 8

5   *Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 593, fn. 4 (9th Cir. 2002).....3

6   *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 432-434 (5th Cir. 2006) ..................6

7   *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ......................................................2, 3, 8

8   *Cooper v. United Air Lines, Inc.*, 82 F.Supp.3d 1084, 1096 (N.D. Cal. 2015)........................7

9   *Dropbox, Inc. v. Thru Inc.*, 2016 U.S. Dist. LEXIS 169625, 2016 WL 7116717, at *19 (N.D.
10   Cal. Dec. 16, 2016) .........................................................................................................7

11   *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007)........6

12   *Harris v. Vector Mktg. Corp.*, 656 F.Supp.2d 1128, 1132 (N.D. Cal. 2009) ..........................7

13   *In re First Alliance Mortg. Co.*, 471 F.3d 977, 998-999 (9th Cir. 2006) .................................8

14   *In re Related Asbestos Cases*, 543 F. Supp. 1142, 1149 (N.D. Cal. 1982) ............................10

15   *Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir. 1977) ...........................................1, 8, 12

16   *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) ..2

17   *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 689 (S.D.Fla. 2012) ....................6

18   *Reilly v. NatWest Mkt. Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999)....................................6

19   *Robinson v. Watts Detective Agency, Inc.*, 685 F.2d 729, 739 (1st Cir. 1982) ..........................6

20   *Rutkowski v. Occidental Chemical Corp.*, 1989 U.S. Dist. LEXIS 1732, 1989 WL 32030, at *2-
21   4 (N.D. Ill. Feb. 16, 1989) ...........................................................................................10

22   Rules

23   30(b)(6) of the Federal Rules of Civil Procedure .....................................................5, 6, 7

24   *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)...............................8, 9, 12

25   Fᴇᴅ R. Eᴠɪᴅ. 701 .........................................................................................................9, 12

26   Fed. R. Civ. P. 10(c) ......................................................................................................1, 8

27   Fᴇᴅ. R. Cɪᴠ. P. 26(e)(1)(A) ...............................................................................................5

28

**Dᴇғᴇɴᴅᴀɴᴛ Eʀɪᴄssᴏɴ Iɴᴄ.'s Rᴇᴘʟʏ Bʀɪᴇғ ɪɴ sᴜᴘᴘᴏʀᴛ ᴏғ Mᴏᴛɪᴏɴ ғᴏʀ Sᴜᴍᴍᴀʀʏ Jᴜᴅɢᴍᴇɴᴛ
ᴏʀ, ɪɴ ᴛʜᴇ Aʟᴛᴇʀɴᴀᴛɪᴠᴇ, Pᴀʀᴛɪᴀʟ Sᴜᴍᴍᴀʀʏ Jᴜᴅɢᴍᴇɴᴛ (Dᴋᴛ. Nᴏ. 346)
Cᴀsᴇ Nᴏ. 3:20-CV-05845-JD**

1  FED. R. CIV. P. 56(c)(1) ...............................................................................2, 4

2  Fed. R. Civ. P. 56(c)(1)(A) .....................................................................................4

3  FED. R. CIV. P. 56(c)(4) .............................................................................9, 12

4  FED. R. EVID. 106 ....................................................................................................11

5  FED. R. EVID. 401 .............................................................................9, 10, 11, 12

6  Local Rule 7-4(a) .......................................................................................................1

7  Rule 10(c) of the Federal Rules of Civil Procedure .....................................1, 12

8  Rule 602 of the Federal Rules of Evidence .............................................6, 9, 12

9  Rule 702 of the Federal Rules of Evidence .............................................8, 9, 12

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     STATEMENT OF ISSUES TO BE DECIDED

•     Whether Speck failed to make a sufficient showing establishing the existence of an essential element to his case on which he bears the burden of proof at trial – *i.e.*, Decedent's "threshold exposure" to an asbestos-containing Anaconda product (Speck conceded as to Continental).[1]

•     Whether the evidence presented in Speck's Opposition is insufficient to allow a rational fact finder to find oppression, fraud, or malice on the part of Ericsson by clear and convincing evidence.

## II.    STATEMENT OF RELEVANT FACTS

Ericsson incorporates by reference the "Statement of Facts," which must be contained in Ericsson's reply brief under Local Rule 7-4(a), from Ericsson's principal brief (Dkt. No. 346) pursuant to Rule 10(c) of the Federal Rules of Civil Procedure. *Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir. 1977).

## III.   REPLY ARGUMENT AND PERTINENT AUTHORITIES

As a preliminary matter, Speck objects to Ericsson's motion in its entirety as violating this Court's June 3, 2021, Order.  (Opp'n at p. 1:13-20.)  However, the language in the Order quoted by Speck is incomplete.  The Order states: "***When appropriate***, defendants ***should*** file a joint summary judgment motion accompanied by a single brief."[2]  Nothing in the order prohibits defendants from filing individual motions when appropriate, which it is here, because these facts are unique and apply only to Ericsson. As such, Speck's objection is without merit and should be disregarded.

/ / /

/ / /

---

[1] By failing to respond to Ericsson's argument that there is no evidence of Decedent's threshold exposure to an asbestos-containing Continental wire/cable, Speck concedes.  *Jenkins v. County of Riverside*, 398 F.3d 1093, n.4 (9th Cir. 2005); *Mariscal v. Graco, Inc.*, 52 F.Supp.3d 973, 984 (N.D.Cal. 2014).
[2] *See* **Exhibit 7** to the Declaration of Sarah N. Bendon in support of Plaintiffs' Opposition to Ericsson Inc.'s Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Bendon Decl.") (Dkt. No. 351-1).  (Emphasis added.)

1

## A.   ERICSSON CARRIED ITS INITIAL BURDEN OF PRODUCTION AND PERSUASION ON ITS MOTION.

Ericsson met its initial burden by showing that there is an absence of evidence to support an essential element of Speck's claim – i.e., Decedent's "threshold exposure" to an asbestos-containing Anaconda product – to carry his ultimate burden of persuasion at trial.  FED. R. CIV. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

To that end, Ericsson's showing consisted of the following:

- Decedent was an apprentice electrician from 1960 to 1964.[3]
- Decedent recalled working with Anaconda, General Cable, and Rockbestos wire/cable.[4]
- The first year Decedent recalled working with Anaconda wire was "early on in my apprenticeship" – i.e., at the earliest, 1960.[5]
- Decedent only recalled working with Anaconda wire on the USS *Andrew Jackson*, a Navy submarine.[6]
- Anaconda did not manufacture Navy submarine cable that contained asbestos.[7]
- Decedent identified the following facts to support his contention that he was exposed to an asbestos-containing Ericsson product: (1) he worked with Anaconda's asbestos-containing wire and cable while employed at Mare Island Naval Shipyard;[8] (2) this exposure began in 1960;[9] and (3)

[3] Deposition of John C. Speck ("Speck Deposition"), Volume II, at pp. 173:4-6, 258:15-17, attached as **Exhibit B** to the Declaration of Ana T. Reeg in support of Ericsson Inc.'s Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Reeg Decl.") (Dkt. No. 346-2).
[4] Speck Deposition, Vol. I, at p. 74:15-24.
[5] Speck Deposition, Vol. IV, at p. 479:15-18.
[6] Speck Deposition, Vol. III, at p. 354:22-355:10; Speck Deposition, Vol. IV, at p. 479:19-480:8.
[7] Declaration of Randy Snider ("Snider Declaration"), at ¶ 7, attached as **Exhibit C** to the Reeg Decl.
[8] John C. Speck's Responses to Ericsson Inc.'s Interrogatories (Set One), No. 1, at pp. 2:8-9, 3:5-7, attached as **Exhibit A** to the Reeg Decl.
[9] *Id.* at p. 3:4-5.

Anaconda asbestos-containing Navy cable was manufactured by Anaconda until 1946.[10]

As set forth above, there is no evidence of Decedent's "threshold exposure" to an asbestos-containing Anaconda wire or cable nor a genuine issue of material fact.

**B.    SPECK FAILED TO DESIGNATE SPECIFIC FACTS OR PRESENT SIGNIFICANTLY PROBATIVE EVIDENCE SHOWING THAT THERE IS A GENUINE ISSUE FOR TRIAL.**

Speck's Opposition failed to state facts or present "significantly probative evidence" to permit a reasonable trier of fact to find in favor of Speck. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986). Importantly, a party cannot create a "genuine" issue of "material" fact simply by making assertions in his legal memoranda. *Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 593, fn. 4 (9th Cir. 2002) (counsel's arguments and statements not evidence and do not create material fact issues capable of defeating otherwise valid motion.).

Put simply, nothing in Speck's Opposition changes the state of the evidence – Mr. Speck did not and could not have encountered asbestos-containing wire manufactured by Anaconda. As explained below, Speck failed to come forward with any facts or evidence on the critical issue of Decedent's threshold exposure to an asbestos-containing Anaconda product. This failure of proof concerning the essential element of Speck's case necessarily renders all other facts presented by Speck in his Opposition immaterial. *Celotex Corp. v. Catrett*, 477 U.S. at 323.

1.    Decedent's Deposition Testimony Confirms No Threshold Exposure.

Ericsson disputes that it misrepresents Decedent's deposition testimony. However, for the sake of argument, even if Decedent's testimony is construed as proffered by Speck, it still does not raise a genuine issue of material fact. Speck claims

---

[10] *Id.* at p. 4:23-24.

1    Decedent's use of Anaconda wires was not limited to the USS *Andrew Jackson* between

2    1960 and 1964.  (Opp'n at p. 18:15-19:11.)  Instead, it was at various locations during

3    Decedent's career.  (*Id.* at p. 19:11-19.)  Such an interpretation adds nothing because

4    Decedent worked at Mare Island Naval Shipyard from 1960 to 1989[11] – well after

5    Anaconda stopped making asbestos-containing Navy cable in 1946.[12]  Thus, at best,

6    Speck only established that Decedent used a non-asbestos-containing Anaconda wire for

7    a longer period of time, which does not raise a genuine issue of material fact.

8                    2.    Decedent's Discovery Responses Confirm No Threshold Exposure.

9            Speck argues that Ericsson "impermissibly tries to paint decedent's responses to

10   discovery requests as an opposing party's statement regardless as to what information is

11   being disclosed."  (Opp'n at p. 17:14-16.)  However, Ericsson is following the procedures

12   outlined in Rule 56(c) – *i.e.*, supporting Ericsson's assertion that a fact cannot be

13   genuinely disputed by "citing to particular parts of materials in the record,

14   including…interrogatory answers,…."  Fed. R. Civ. P. 56(c)(1)(A).

15           To that end, Ericsson propounded Interrogatory No. 1 asking Decedent to state

16   all facts that support his contention that he was exposed to any asbestos-containing

17   product supplied by Ericsson.[13]  As to Ericsson, Decedent contended he was exposed to

18   Anaconda's asbestos-containing wire beginning in 1960.[14]  As to facts supporting

19   Decedent's contention that he was exposed to an asbestos-containing Anaconda wire, he

20   stated that "Anaconda asbestos-containing navy cable was manufactured by Anaconda

21   Wire & Cable Company until 1946."[15]

22           Speck now argues that this portion of Decedent's response cannot be used against

23   Speck.  (Opp'n at 18:11-13.)  This argument is without merit.  Ericsson cites to

24

25   [11] John C. Speck's Responses to Ericsson Inc.'s Interrogatories (Set One), No. 1, at pp. 2:8-9, attached as **Exhibit A** to the Reeg Decl.

26   [12] *Id.* at p. 4:23-24.

     [13] *Id.* at p. 1:22-23.

27   [14] *Id.* at p. 3:4-5.

28   [15] *Id.* at p. 4:23-24.

1  Decedent's discovery responses to show that he lacked evidence of exposure to an

2  asbestos-containing Anaconda wire.  If, however, Speck has evidence of a threshold

3  exposure, then he had a duty to timely supplement or correct earlier answers upon

4  learning they were "in some material respect…incomplete or incorrect" when made or

5  are no longer true.  FED. R. CIV. P. 26(e)(1)(A).  Tellingly, no supplemental responses

6  were ever served by Speck nor were any specific facts or probative evidence presented in

7  Speck's Opposition showing that Anaconda still manufactured asbestos-containing Navy

8  cable in the 1960s, 1970s, and 1980s.  Based on Decedent's discovery responses and

9  Speck's failure to supplement, this Court should infer that Speck lacks any significantly

10  probative evidence to establish Decedent's threshold exposure to an asbestos-containing

11  Anaconda wire.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249.

12          3.      The Snider Declaration is Admissible and Confirms No Threshold

13  Exposure.

14          Contrary to Speck's assertions, the Declaration of Randy Snider ("Snider

15  Declaration") is admissible.  Speck first argues the Snider Declaration is inadmissible

16  because Mr. Snider was not disclosed as an expert witness or an individual likely to have

17  discoverable information.  (Opp'n at p. 14:6-9.)  Missing from Speck's Opposition is

18  Ericsson's Rule 26(a)(1) disclosures, which discloses Mr. Snider as its corporate witness.[16]

19  Thus, Ericsson is not prohibited from using Mr. Snider as a witness for this Motion (or

20  otherwise) for failure to disclose.

21          Speck then argues that Mr. Snider lacks foundation for his claims.  (Opp'n at p.

22  14:19-20.)  To the extent Speck was unaware that Mr. Snider is Ericsson's Rule 30(b)(6)

23  witness, Speck's argument that Mr. Snider provides improper lay witness opinions in his

24  declaration is without merit.  On the other hand, to the extent Speck argues that Mr.

25  Snider, despite being Ericsson's Rule 30(b)(6) witness, cannot speak on behalf of

26  Ericsson because he lacks first-hand personal knowledge, Speck cites to no case law in

27

28  [16] Ericsson Inc.'s Rule 26 Initial Disclosures (Fed. R. Civ. P. 26(A)(1)), at p. 15:14-25 (Dkt. No. 108).

1    support of his exceedingly strict view on the personal knowledge requirement.

2        This issue was addressed by federal courts, which square Rule 30(b)(6) of the

3    Federal Rules of Civil Procedure with the personal knowledge requirement of Rule 602

4    of the Federal Rules of Evidence, explaining that a Rule 30(b)(6) witness represents the

5    corporate entity's knowledge, not the individual deponent's knowledge. *Brazos River*

6    *Authority v. GE Ionics, Inc.*, 469 F.3d 416, 432-434 (5th Cir. 2006).

7        Federal courts recognize that "[o]bviously it is not literally possible to take the

8    deposition of a corporation" and that "the information sought must be obtained from

9    natural persons who can speak for the corporation." *Id.* at 433. "Information" extends

10   not only to facts, but the subjective beliefs and opinions of the corporation. *Id.* Indeed,

11   corporations have an "affirmative duty" to produce a designee that can give "complete,

12   knowledgeable, and binding answers" on the corporation's behalf. *Ecclesiastes 9:10-11-12,*

13   *Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1146 (10th Cir. 2007); *Reilly v. NatWest Mkt. Group*

14   *Inc.*, 181 F.3d 253, 268 (2d Cir. 1999).

15       The fact that a corporation no longer employs a person with knowledge on a

16   specific topic does not relieve the corporation of the duty to prepare and produce an

17   appropriate designee. *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 689

18   (S.D.Fla. 2012). The corporation must prepare its designee by having him review

19   available materials, including fact witness deposition testimony, documents produced in

20   discovery, materials in former employees' files and, if necessary, interviews of others with

21   knowledge. *Id.* In other words, a corporation is expected to "create" an appropriate

22   witness from information reasonably available to it. *Id.* In such a case, knowledge

23   acquired may still be considered personal knowledge. *Robinson v. Watts Detective Agency,*

24   *Inc.*, 685 F.2d 729, 739 (1st Cir. 1982).

25       The Snider Declaration demonstrates that Ericsson fulfilled its "affirmative duty"

26   to create and produce such a designee: Mr. Snider spoke to Ericsson's former corporate

27

28

1   representative, Erich Kothe, prior to his death,[17] read Mr. Kothe's trial and deposition

2   testimony in other matters,[18] and reviewed relevant product literature.[19]  Notably, counsel

3   for Speck deposed Mr. Kothe in a prior matter, and was made aware of the fact that

4   asbestos-containing Anaconda Navy wires were predominantly manufactured from 1941

5   to 1946 during World War II.[20]  By the time Mr. Kothe got to Anaconda's plant in 1951,

6   there were no asbestos-containing Navy cables being manufactured at that time.[21]

7         Although Mr. Snider may not have first-hand personal knowledge of all the events

8   to which he attests to, he can and should be considered to have acquired personal

9   knowledge by reviewing relevant documents and discussing the issues with personnel of

10   Ericsson, such as Mr. Kothe.  *Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1523

11   (7th Cir. 1989).  As such, the Snider Declaration is admissible and should be considered

12   by this Court in support of Ericsson's Motion.  *Harris v. Vector Mktg. Corp.*, 656

13   F.Supp.2d 1128, 1132 (N.D. Cal. 2009) (Rule 30(b)(6) witness testimony may be

14   presented on motion for summary judgment); *Dropbox, Inc. v. Thru Inc.*, 2016 U.S. Dist.

15   LEXIS 169625, 2016 WL 7116717, at *19 (N.D. Cal. Dec. 16, 2016); *Cooper v. United Air

16   Lines, Inc.*, 82 F.Supp.3d 1084, 1096 (N.D. Cal. 2015).

17         Accordingly, the Snider Declaration further establishes that Decedent was not

18   exposed to an asbestos-containing Anaconda wire because Anaconda did not

19   manufacture Navy submarine cable that contained asbestos during the relevant time

20   frame.

21                   4.   <u>Charles Ay's Report Lacks Foundation and is Immaterial.</u>

22         Without any specific facts or significantly probative evidence establishing the

23

24   [17] Declaration of Randy Snider, at ¶ 4, attached as **Exhibit C** to the Reeg Decl. (Dkt. No. 346-2).

    [18] *Id.*

25   [19] *Id.* at 7.

26   [20] Telephonic Oral Deposition of Erich Kothe in *David Lee Smith v. ABB, Inc.*, in the Superior Court of
California, in the County of Los Angeles, Case No. BC453781, at p. 45:10-18, attached as **Exhibit D** to

27   the Declaration of Ana T. Reeg in support of Ericsson Inc.'s Reply Brief in support of Motion for
Summary Judgment or, in the Alternative, Partial Summary Judgment.

28   [21] *Id.* at p. 45:21-25.

**DEFENDANT ERICSSON INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (DKT. NO. 346)
CASE NO. 3:20-CV-05845-JD**

1    essential element of Decedent's threshold exposure to an asbestos-containing Anaconda

2    wire, Mr. Ay's report is immaterial. *Celotex Corp. v. Catrett*, 477 U.S. at 323 ("A complete

3    failure of proof concerning an essential element of the nonmoving party's case necessarily

4    renders all other facts immaterial.").

5         Even if this Court determines that Mr. Ay's report is material, then it should be

6    stricken because it fails to meet the requirements of Rule 702 of the Federal Rules of

7    Evidence or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). To that end,

8    Ericsson incorporates by reference the facts, pertinent authorities, and argument

9    contained in the following: (1) Joint Defense Notice of *Daubert* Motion and *Daubert*

10   Motion to Exclude the Anticipated Testimony of Plaintiffs' Expert Charles Ay (Dkt. No.

11   338); (2) Ericsson Inc.'s Supplemental Brief to Joint Defense Motion to Exclude

12   Testimony of Plaintiffs' Expert Charles Ay (Dkt. No. 342); and (3) Declaration of Ana T.

13   Reeg in Support of Ericsson Inc.'s Supplemental Motion to Exclude Testimony of

14   Plaintiffs' Expert Charles Ay (Dkt. No. 342-1). Fed. R. Civ. P. 10(c); *Macklin v. Butler*,

15   553 F.2d at 528.

16       **C.    THERE IS NO EVIDENCE TO SUPPORT SPECK'S FRAUD OR PUNITIVE**

17            **DAMAGES CLAIM.**

18        There is no evidence that Decedent was exposed to an asbestos-containing

19   Anaconda wire starting in 1960 because Anaconda ceased making such asbestos-

20   containing wires in 1946. As discussed above, Speck set forth no specific facts nor

21   significantly probative evidence establishing otherwise. As such, any evidence regarding

22   Anaconda's alleged failure to warn regarding its asbestos-containing wires prior to 1946 is

23   immaterial. *Celotex Corp. v. Catrett*, 477 U.S. at 323. So too is Mr. Castleman's report. *Id.*

24   Additionally, Speck sets forth no evidence of sufficient caliber or quantity to allow a

25   rational fact finder to find oppression, fraud, or malice by clear and convincing evidence.

26   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 254; *In re First Alliance Mortg. Co.*, 471 F.3d 977,

27   998-999 (9th Cir. 2006).

28

8

1

## D.   ERICSSON'S EVIDENTIARY OBJECTIONS

2

Ericsson submits the following evidentiary objections to the Declaration of Sarah

3

N. Bendon (Dkt. No. 358-1) pursuant to Local Rule 7-3(c):

| OBJ. NO. | MATERIAL OBJECTED TO: | GROUNDS FOR OBJECTION |
|---|---|---|
| 1 | Paragraph 3, at p. 2:10-11, in its entirety:<br><br>"Attached as **Exhibit 2** to the Index of Exhibits is a true and correct copy of Barry I. Castleman, Sc.D.'s April 9, 2021, Expert Report." | **Lacks Relevance.**  FED. R. EVID. 401.<br>**Improper Expert Opinion**.  FED. R. EVID. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).<br>**Improper Lay Opinion**.  FED. R. EVID. 701.<br>**Lacks Personal Knowledge**.  FED. R. EVID. 602; FED. R. CIV. P. 56(c)(4).<br>**Calls for Speculation**.  FED. R. EVID. 701.<br><br>Castleman's report discusses the existence and availability of articles which discuss the hazards of exposure to asbestos dust.  The report also purports to establish that all defendants in asbestos litigation knew or should have known of the dangers of asbestos during the period when the articles were disseminated.<br><br>To properly support the conclusions in his report, Castleman would have to offer competent evidence on at least three issues: (1) the existence of medical articles that discuss the relationship between asbestos dust and mesothelioma, (2) the conclusions reached by the authors of the articles concerning the relationship between asbestos dust and mesothelioma, and (3) whether the sources of these articles were well-known and how they were received by the medical community when they were published.<br><br>Because Castleman has no medical background or experience, he cannot:<br>• Judge the correctness of the articles;<br>• Evaluate and analyze the articles to identify which parts best summarize the authors' conclusions;<br>• State whether the sources which published the articles are well known; or |

| | | | |
|---|---|---|---|
| | | | • State how the articles were received by members of the medical community when first published. *In re Related Asbestos Cases*, 543 F. Supp. 1142, 1149 (N.D. Cal. 1982); *Rutkowski v. Occidental Chemical Corp.*, 1989 U.S. Dist. LEXIS 1732, 1989 WL 32030, at *2-4 (N.D. Ill. Feb. 16, 1989).<br><br>Further, there is nothing in the record suggesting that Castleman worked for Ericsson or that Castleman has any direct knowledge of Ericsson's awareness of the risks of asbestos at any given time.  As such, Castleman lacks the foundation to testify about what Ericsson knew at any given time regarding asbestos.<br><br>Therefore, Castleman is qualified to provide only the following, none of which is relevant for purposes of this Motion:<br>• The existence of articles that discuss asbestos and mesothelioma.<br>• His ability to locate such articles.<br>• Recite excerpts from medical articles.<br>• Recite excerpts from trade journals and government publications.<br>• Identify certain companies that were members of organizations (but cannot testify as to what a company knew or should have known as he lacks foundation). |
| | 2 | Paragraph 5, at p. 2:15-17, in its entirety:<br><br>"Attached as **Exhibit 4** to the Index of Exhibits is a true and correct copy of relevant portions of the Environmental Protection Agency ('E.P.A.') 315-B 00-001, *A Guide for Ship* | **Lacks Relevance**.  FED. R. EVID. 401.<br><br>**Exhibit 4** does not reference Decedent, Ericsson, Anaconda, or *USS Andrew Jackson* (or any other ship or submarine Decedent allegedly worked on).  Speck therefore failed to establish the relevance of **Exhibit 4** as it relates to the issues raised in Ericsson's Motion – *i.e.*, Decedent's threshold exposure to a product for which Ericsson is liable or evidence of oppression, fraud, or malice on the part of Ericsson. |

| | | |
|---|---|---|
| | _Scrappers_, dated Summer 2000." | |
| 3 | Paragraph 6, at p. 2:18-22, in its entirety:<br><br>"Attached as **Exhibit 5** to the Index of Exhibits is a true and correct copy of the of Ericsson, Inc.'s Responses to Plaintiff's Interrogatories, <u>William S. McHugh, et al. v. Raybestos Manhattan, Inc. et al.</u>, San Francisco Superior Court, Case No. 922-332, dated October 30, 1990, Interrogatory No. 14, pp. 19-20." | **Lacks Relevance**.  FED. R. EVID. 401.<br>**Incomplete Evidence/Out of Context.**  FED. R. EVID. 106.<br><br>Speck submits **Exhibit 5** as evidence supporting Ericsson's "knowledge of the hazards of its asbestos products and its decision to nevertheless not adequately warn for the purpose of disclosing those hazards, specifically including the years Mr. Spark [sic] worked with or around its products."  (Opp'n at p. 23:16-21.)<br><br>Interrogatory No. 14 asks Ericsson to "[s]tate whether any asbestos used, processed, mined, manufactured, imported, supplied, distributed, labelled, and/or sold by this defendant was purchased from or acquired from the General Service Administration or any branch or agency of the United States government during the period 1930 to 1985."  **Exhibit 5** is not relevant for purposes of this Motion.<br><br>To the extent Speck refers to Ericsson's response to Interrogatory No. 15, Speck only references a portion of that response, making it incomplete and out of context.  Ericsson's full response is as follows:<br><br>"Without waiving said objection, Defendant states that its predecessors never utilized a warning or caution label on its wire and cable.  It is further this Defendant's best information and belief that **no warnings were affixed to its predecessors' products in that no warning was necessary**.  **Any asbestos contained in said products was completely saturated or impregnated**. **Thus, reasonably foreseeable use of these products was not hazardous**."  (Emphasis added.) |

| 4 | Paragraph 7, at p. 2:23-24, in its entirety:<br><br>"Attached as **Exhibit 6** to the Index of Exhibits is a true and correct copy of the Expert Report of Charles Ay, dated April 9, 2021." | **Lacks Relevance**.  FED. R. EVID. 401.<br>**Improper Expert Opinion**.  FED. R. EVID. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).<br>**Improper Lay Opinion**.  FED R. EVID. 701.<br>**Lacks Personal Knowledge**.  FED. R. EVID. 602; FED. R. CIV. P. 56(c)(4).<br>**Calls for Speculation**.  FED. R. EVID. 701.<br><br>Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure and *Macklin v. Butler*, 553 F.2d at 528, Ericsson incorporates by reference the facts, pertinent authorities, and argument contained in the following:<br>• Joint Defense Notice of *Daubert* Motion and *Daubert* Motion to Exclude the Anticipated Testimony of Plaintiffs' Expert Charles Ay (Dkt. No. 338)<br>• Ericsson Inc.'s Supplemental Brief to Joint Defense Motion to Exclude Testimony of Plaintiffs' Expert Charles Ay (Dkt. No. 342)<br>• Declaration of Ana T. Reeg in Support of Ericsson Inc.'s Supplemental Motion to Exclude Testimony of Plaintiffs' Expert Charles Ay (Dkt. No. 342-1). |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT ERICSSON INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (DKT. NO. 346) CASE NO. 3:20-CV-05845-JD**

IV.    **CONCLUSION**

Ericsson respectfully requests that this Court grant summary judgment in favor of Ericsson because Speck failed to come forward with any facts or evidence on the critical issue of Decedent's threshold exposure to an asbestos-containing Anaconda product.  In the alternative, partial summary judgment should be granted in favor of Ericsson because Speck failed to disclose any specific facts or significantly probative evidence supporting his fraud and punitive damages claim against Ericsson.

Dated: June 24, 2022                    **HAWKINS PARNELL & YOUNG** LLP


                                        By:   */s/ Ana T. Reeg*
                                        Claire C. Weglarz
                                        Ana T. Reeg
                                        Attorneys for Defendant,
                                        ERICSSON INC.

13

**DEFENDANT ERICSSON INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT (DKT. NO. 346) CASE NO. 3:20-CV-05845-JD**

# CERTIFICATE OF SERVICE

In accordance with Fed. R. Civ. P. 5 and LR5, on June 24, 2022, the foregoing document was filed and served by transmitting via the United States District Court's CM/ECF System to the individuals on the ECF list.

_/s/ Ana T. Reeg_

ANA T. REEG

**CERTIFICATE OF SERVICE**