TUCKER ELLIS LLP
MONICA W. MONROE SBN 227705
monica.monroe@tuckerellis.com
NICOLE E. GAGE SBN 208658
Nicole.gage@tuckerellis.com
201 Mission Street, Suite 2310
San Francisco, CA 94105
Telephone:  415.617.2400
Facsimile:  415.617.2409

Attorneys for Defendant
RSCC WIRE & CABLE LLC, erroneously sued as
RSCC Wire & Cable, LLC (individually and as successor-in-interest to The Rockbestos Company)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY SPECK, Individually and As Successor In Interest to Decedent JOHN C. SPECK, et al.<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY (aka MINNESOTA MINING & MANUFACTURING COMPANY), et al.,<br><br>Defendants. | Case No. 3:20-cv-05845-JD<br><br>**REPLY BRIEF IN SUPPORT OF JOINT DEFENSE MOTION TO PRECLUDE BARRY HORN, M.D. FROM OFFERING EVIDENCE AND/OR TESTIMONY REGARDING THE "EVERY EXPOSURE OPINION" OR "CUMULATIVE EXPOSURE OPINION," OR IN THE ALTERNATIVE, THAT THE COURT HOLD A *DAUBERT* HEARING ON ADMISSIBILITY**<br><br>Date:  October 6, 2022<br>Time:  10:00 a.m.<br>Courtroom: 11, 19th Floor<br><br>Honorable James Donato |

**REPLY BRIEF IN SUPPORT OF JOINT DEFENSE MOTION TO PRECLUDE BARRY HORN, M.D. FROM OFFERING EVIDENCE AND/OR TESTIMONY REGARDING THE "EVERY EXPOSURE OPINION" OR "CUMULATIVE EXPOSURE OPINION," OR IN THE ALTERNATIVE, THAT THE COURT HOLD A *DAUBERT* HEARING ON ADMISSIBILITY**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Despite attaching a new Declaration from proposed medical expert Dr. Horn, and nearly 100 pages of additional exhibits, Plaintiffs' Opposition to the Defendants' Motion to Exclude Opinion Testimony from Dr. Horn fails to show that the proposed opinion testimony is admissible under Fed. Rule of Evid. 702. As explained in the Motion and as explained further herein, Dr. Horn opines that all exposures contributed to Mr. Speck's risk and "made his disease worse." This opinion is incompatible with California's standard that a Plaintiff must prove substantial factor of causation.

Asbestos-containing products do not all necessarily create the same or even similar risks of harm because they have "widely divergent toxicities, with some asbestos products presenting a much greater risk of harm than others. This divergence is caused by a combination of factors, including: the specific type of asbestos fiber incorporated into the product; the physical properties of the product itself; and the percentage of asbestos used in the product." *Celotex Corp. v. Copeland*, 471 So. 2d 533, 538 (Fla. 1985). Dr. Horn is not concerned with these differences among products, nor with the individual dose of exposure attributable to any Defendant's products. He has no basis for his opinion beyond his belief that every exposure contributes to risk. If admitted before this Court, Dr. Horn's opinion on causation would allow Plaintiffs and the jury to ignore the reality of the differences among products and exposures. Further, it would render California's substantial contributing factor standard meaningless. Therefore, the opinion is improper and it should be excluded. The Joint Defense Motion to preclude Barry Horn, M.D. from offering evidence and/or testimony regarding the "every exposure opinion" or "cumulative exposure opinion," or, in the alternative, that the Court should hold a *Daubert* hearing on admissibility, should be granted.

## II. PLAINTIFFS HAVE NOT CARRIED THEIR BURDEN TO SHOW THAT DR. HORN'S OPINION IS ADMISSIBLE.

The proponent of any purported expert testimony bears the burden of showing its admissibility, and here, Plaintiffs cannot meet that burden. Under Fed. R. Evid. 702, a witness may testify as an expert if – and only if – the following criteria are met:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Here, Dr. Horn gives no thought to the dose of asbestos attributable to any defendant's product, nor to any other details of any products or individual exposures. To him, the only necessary fact is exposure. This analysis cannot be said to be the application of reliable principles and methods to sufficient facts or data. Thus, Plaintiff fails to show that Dr. Horn's medical causation opinion is admissible under R. 702.

Furthermore, because Dr. Horn's proposed opinions are incompatible with California's causation standard for asbestos product liability cases, he cannot help the jury understand the evidence and the task before it. Dr. Horn's April 6, 2021 report makes the broad blanket statement that "all of [Speck's] asbestos exposure contributed to the development of asbestosis and pleural plaques * * * * all of his exposures contributed to his risk for developing asbestosis and made his disease worse." (Horn Apr. 6, 2021 report, at p. 38.) Furthermore, at deposition, Dr. Horn testified that if Mr. Speck were exposed, "no matter what that exposure level, it would be a substantial factor."

> Q: * * * While you can't attribute a particular level of exposure, if you were asked questions by Mr. Jones at trial to make certain assumptions about exposure and what not, regardless of that exposure level, whether it's a .1 fiber per – fiber per cc less or more, your opinion, it sounds to me, that no matter what that exposure level, it would be a substantial factor. Is that right?

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE BARRY HORN, M.D. FROM OFFERING EVIDENCE AND/OR TESTIMONY REGARDING THE "EVERY EXPOSURE" OR "CUMULATIVE EXPOSURE," OR IN THE ALTERNATIVE, FOR A *DAUBERT* HEARING ON ADMISSIBILITY

A: That's correct. (Horn Apr. 28, 2021 depo. at 107: 2-11, excerpts attached as Ex. 1).

To meet their causation burden as to each Defendant, Plaintiffs must prove that exposure to asbestos from that Defendant's specific product was a substantial contributing factor in causing his illness. See *McIndoe v. Huntington Ingalls Inc.* (9th Cir. 2016) 817 F.3d 1170; *Stephens v. Union Pac. R.R. Co.* (9th Cir. 2019) 935 F.3d 852; *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 260 (1979); *Lindstrom v. A-C Prod Liability Trust*, 424 F.3d 488 (6th Cir. 2005), abrogated on other grounds by *Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct. 986 (2019). An opinion like Dr. Horn's, which lacks any critical analysis of individual defendants' products and alleged exposures, is simply incompatible with that standard. For Dr. Horn, however, the mere fact of exposure is sufficient to conclude that the exposure was an important contributing cause. He has no interest in the differences among products, nor in attempting to consider the dose attributable to each defendant's products. If, as Dr. Horn asserts, every exposure above background level is a substantial contributing factor, then the standard is utterly meaningless.

The opinion that all exposures to asbestos, no matter how small, infrequent, or remote, and absent consideration of fiber toxicity, are important in causing asbestosis or its severity, is unsupported by accepted scientific principles and is contrary to California law. To allow recovery, a negligent act or defective product must be a <u>proximate</u> cause of injury, not just <u>a</u> cause. *Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 982. Therefore, Dr. Horn's opinion that all exposures contribute, either to risk or to cause, cannot be allowed. The Motion must therefore be granted.

### III. DR. HORN'S JUNE 14, 2022 DECLARATION DOES NOT SAVE HIS OPINIONS FROM EXCLUSION.

In response to the Joint Defense Motion, Dr. Horn authored a June 14, 2022 Declaration. (Pls.' Opp'n at Ex. 1.) The Declaration repeats Dr. Horn's explanation of his experience with workers at Mare

Island Shipyard, comparing their overall exposure profiles with Mr. Speck's alleged exposures, and concluding again that "Mr. Speck's total exposure to asbestos from electrical products and insulation were a regular occurrence over many years, and these exposures increased his risk of asbestosis, caused inflammation and scarring in this lungs that contributed to his asbestosis, and made his condition worse." (Pls.' Opp'n at 4.)  Simply put, this opinion does not assist Plaintiffs' case against any individual defendant. It would not help the trier of fact to understand the evidence or to determine a fact in issue, and should be excluded under Rule 702.

Dr. Horn's new Declaration also recites the opinions of other individuals, including purported asbestos expert Charles Ay, proclaiming those opinions consistent with his own opinions.  Parroting the opinions of others and recasting them as his own opinions on medical causation also fails to save Dr. Horn's opinions from exclusion.  Those citations to others' opinions cannot mask his total lack of standards. Dr. Horn has made clear that he requires no facts other than the fact of exposure. Therefore, it is impossible for Plaintiffs to show that his opinions are based on sufficient facts or data under Rule 702. Expert opinions must be connected to existing data by more than the expert's say-so. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 119 S. Ct. 1167, 1171, 143 L. Ed. 2d 238, 246 (1999).  Nor is Dr. Horn's blanket opinion that all exposures contribute a reliable application of principles and methods, and it should be excluded under Rule 702 for that reason as well.

### IV. THE RIGHT OF CROSS-EXAMINATION IS INSUFFICIENT TO PROTECT THE DEFENDANTS FROM BEING UNFAIRLY PREJUDICED AND DR. HORN FROM MISLEADING THE JURY.

Finally, Plaintiffs invite this Court to misapply Rule 702 when they contend that the flaws in Dr. Horn's methodology are simply a matter for cross-examination at trial. That argument should be rejected. A juror cannot be expected to determine whether or not an opinion that "all of his exposures contributed" expressed under oath by a highly educated and apparently well-qualified expert has any real scientific basis. Such purported expert testimony does not assist the jury to understand the evidence or to determine a fact in issue, and therefore it cannot be allowed under Rule 702. Plaintiffs are attempting to circumvent their burden of proving that exposure to asbestos from each Defendant's products was a

substantial factor in causing asbestosis. This Court's intervention is required to prevent the misapplication of the law, as the probable result for the defendants of such testimony would be unduly prejudicial.

## V. CONCLUSION

For the reasons set forth above, Defendants request that the Court issue an order precluding Plaintiffs' expert Barry Horn, M.D., from offering causation evidence or testimony using the "every exposure" or "cumulative exposures" theory, including testimony that "all exposures contribute". If the Court is not inclined to grant Defendants' motion, Defendants respectfully request that the Court hold a *Daubert* hearing to assess the admissibility of Dr. Horn's proffered testimony.

DATED: June 24, 2022                                    TUCKER ELLIS LLP

By: */s/ Nicole E. Gage*
    Monica W. Monroe
    Nicole E. Gage
    Attorneys for Defendant
    RSCC WIRE & CABLE LLC, erroneously
    sued as RSCC Wire & Cable, LLC
    (individually and as successor-in-interest to
    The Rockbestos Company)

| | |
|---|---|
| DATED: June 24, 2022 | TUCKER ELLIS LLP |
| | |
| | By: /s/ Nicole E. Gage |
| |     Monica W. Monroe |
| |     Nicole E. Gage |
| |     Attorneys for Defendant |
| |     ROCKWELL AUTOMATION, INC. |

Dated: June 24, 2022

FOX ROTHSCHILD LLP

By: /s/ Matthew R. Follett
    MATTHEW R. FOLLETT
    Attorneys for Defendant
    SCHNEIDER ELECTRIC USA, INC.

    f/k/a Square D Company

Dated: June 24, 2022

EDLIN GALLAGHER HUIE + BLUM

By: /s/ John E. Rosenthal
    JOHN E. ROSENTHAL
    BRIAN J. TRIPLETT
    Attorneys for Defendant
    GOULD ELECTRONICS INC.

Dated: June 24, 2022

**FOLEY & MANSFIELD, PLLP**

By: /s/ Nicole Brown Yuen
    Nicole Brown Yuen
    Thomas W. Pahl
    Attorneys for Defendant
    **PECW HOLDING COMPANY F/K/A**
    **PLASTICS ENGINEERING COMPANY**

Dated: June 24, 2022

By:   /s/ P.M. Bessette
    P.M. Bessette
    Attorneys for Defendants

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE BARRY HORN, M.D. FROM OFFERING EVIDENCE AND/OR TESTIMONY REGARDING THE "EVERY EXPOSURE" OR "CUMULATIVE EXPOSURE," OR IN THE ALTERNATIVE, FOR A *DAUBERT* HEARING ON ADMISSIBILITY

|   |   |
|---|---|
|   | GENERAL DYNAMICS CORPORATION, erroneously sued herein individually and on behalf of its ELECTRIC BOAT DIVISION, and as successor-in-interest to BATH IRON WORKS LTD, f/k/a THE HYDE WINDLASS COMPANY and ELECTRIC BOAT COMPANY and BATH IRON WORKS CORPORATION |
| Dated: June 24, 2022 | **MANNING GROSS + MASSENBURG LLP** |
| By: | */s/ Kelley T. Mahoney*<br>Chris O. Massenburg<br>Jennifer A. Cormier<br>Kelley T. Mahoney<br>Attorneys for Defendant,<br>EATON CORPORATION |
| Dated: June 24, 2022 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| By: | Florence A. McClain<br>Deborah Smith<br>Attorneys for Defendant<br>UNION CARBIDE CORPORATION |
| DATED: June 24, 2022 | **HAWKINS PARNELL & YOUNG LLP** |
| By: | Claire C. Weglarz<br>Ana T. Reeg<br>Attorney for Defendant,<br>**ERICSSON INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO ANACONDA WIRE & CABLE)** |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE BARRY HORN, M.D. FROM OFFERING EVIDENCE AND/OR TESTIMONY REGARDING THE "EVERY EXPOSURE" OR "CUMULATIVE EXPOSURE," OR IN THE ALTERNATIVE, FOR A *DAUBERT* HEARING ON ADMISSIBILITY

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

DATED:  June 24, 2022

WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP

By: */s/ Gayle L. Ketchie*
    Nicolas P. Martin, Esq.
    Nicholas R. Lane, Esq.
    Gayle L. Ketchie, Esq.
    Attorneys for Defendant ABB INC.

DATED:  June 24, 2022

HUSCH BLACKWELL LLP

By: */s/ Daniel B. Hoye*
    LISA L. OBERG
    MICHELLE C. JACKSON
    DANIEL B. HOYE
    Attorneys for Defendant
    METALCLAD INSULATION LLC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE BARRY HORN, M.D. FROM OFFERING EVIDENCE AND/OR TESTIMONY REGARDING THE "EVERY EXPOSURE" OR "CUMULATIVE EXPOSURE," OR IN THE ALTERNATIVE, FOR A *DAUBERT* HEARING ON ADMISSIBILITY

# CERTIFICATE OF SERVICE

This Certificate of Service is made in compliance with Local Rule 5.1.2 and Civ.R. 5(b). I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 201 Mission Street, Suite 2310, San Francisco, CA 94105.

On the date indicated below, a true and correct copy of the foregoing **REPLY BRIEF IN SUPPORT OF JOINT DEFENSE MOTION TO PRECLUDE BARRY HORN, M.D. FROM OFFERING EVIDENCE AND/OR TESTIMONY REGARDING THE "EVERY EXPOSURE OPINION" OR "CUMULATIVE EXPOSURE OPINION," OR IN THE ALTERNATIVE, THAT THE COURT HOLD A DAUBERT HEARING ON ADMISSIBILITY** was lodged with Court and served electronically and will be available for viewing and downloading from the Court's CM/ECF system:

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

I declare under penalty of perjury that I am employed in the office of a member admitted to practice before the District Court for the Northern District of California and ECF registered in this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on June 24, 2022, at San Francisco, California.

By  */s/ Anna Villanueva*
    Anna Villanueva