UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY SPECK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CBS CORPORATION, et al.,<br><br>Defendants. | Case No. 20-cv-05845-JD<br><br>**PRETRIAL ORDER** |

This order governs the jury trial with the remaining defendants, Bath Iron Works Corp. and Metalclad Insulation LLC. Jury selection will be held at 9:00 a.m. on July 11, 2024, and trial will begin the same day.

**I.   MOTIONS IN LIMINE**

The Court stated on the record at the pretrial conference the disposition of the parties' motions in limine. In pertinent summary:

1. Metalclad's Motion to Exclude Workers Compensation Records (Dkt No. 483) is GRANTED. FRE 402/403.

2. Bath Iron Works' Motion to Limit Testimony of Dr. Horn (Dkt. No. 489) and Motion to Limit Testimony of Dr. Staggs (Recorrected) (Dkt. No. 494), are GRANTED IN PART. No expert may offer testimony to the effect that all exposures to asbestos above background levels are a substantial factor in causing asbestos-related diseases. FRE 702/403. *See McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1177 (9th Cir. 2016); *Krik v. Exxon Mobil Corp.*, 870 F.3d 669, 672 (7th Cir. 2017). For all experts,

1          the Court will conduct a qualifying examination as warranted outside the presence of

2          the jury.

3     3.   Bath Iron Works' Motion to Exclude Francis Burger (Dkt. No. 493) is GRANTED IN

4          PART.  FRE 702/403.  If a defendant opens the door to testimony about whether

5          shipbuilders have a duty to warn of the dangers of asbestos or could issue such

6          warnings, plaintiffs may offer Dr. Burger's responsive opinions.

7     4.   Bath Iron Works' Motion to Limit Speculative Testimony of John Speck (Dkt.

8          No. 492) is DENIED as vague and overbroad.  Specific objections may be made during

9          trial.

10    5.   Bath Iron Works' Motion to Preclude Evidence of Non-Pecuniary Damages (Dkt.

11         No. 496) is DENIED.  This is a dispositive motion and not a proper motion in limine,

12         and violates this Court's Standing Order on Civil Jury Trials.  In addition, the

13         availability of state-law remedies has not been displaced by statute.  *See Yamaha*

14         *Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 199-200 (1996); *In re Williams Sports*

15         *Rentals, Inc.*, 90 F.4th 1032, 1036 (9th Cir. 2024); *Sutton v. Earles*, 26 F.3d 903, 915

16         (9th Cir. 1994).

17    6.   Bath Iron Works' Motion Requesting A Bench Trial (Dkt. No. 495) is DENIED.

18         "Although the Supreme Court has held that the Constitution does not require trial by

19         jury in admiralty cases, it neither forbids trial by jury nor creates a right to a non-jury

20         trial." *Wilmington Tr. v. U.S. Dist. Ct. for Dist. of Hawaii*, 934 F.2d 1026, 1029 (9th

21         Cir. 1991).  BIW has consented to a jury trial by its conduct.  *See* Fed. R. Civ. P.

22         39(c)(2).  Plaintiffs demanded a jury trial in each complaint filed in this case, and BIW

23         never asked to strike the jury demand.  BIW filed joint jury instructions more than a

24         year ago.  Dkt. No. 439.  The Court has issued multiple scheduling orders setting this

25         case for a jury trial, without objection by BIW.  *See*, *e.g.*, Dkt. Nos. 114, 296.  BIW

26         says it now objects in light of the Court's determination in February 2022 that federal

27         maritime law applies, Dkt. No. 303, but BIW did not raise this ostensible ground for

28         more than two years, and waited until June 6, 2024, just a few weeks before jury

2

selection, to mention it. Dkt. No. 495. Co-defendant Metalclad also demanded a jury trial. Dkt. No. 271. This is an additional reason for trying this case to a jury.

In these circumstances, "where a party requests a jury determination of an issue requiring no special competence or authority belonging solely to the court, and the other party or parties fail to object, such silence may be deemed 'consent' under Rule 39(c)." *Broadnax v. City of New Haven*, 415 F.3d 265, 272 (2d Cir. 2005); *see also Thomas v. Broward Cnty. Sheriff's Off.*, 71 F.4th 1305, 1315 (11th Cir. 2023) (parties consented to binding jury determination by submitting a proposed jury instruction on the question).

## II. SCHEDULE AND TIME LIMITS

1. **Each side will have up to 15 hours of trial time, excluding openings and closings. This time limit is different from the discussion at the conference.** The parties are free to meet and confer and jointly propose a reduction. As stated in the Court's civil trial standing order, the Courtroom Deputy, Ms. Lisa Clark, will have the final word on the time count.
2. Each side may have up to 30 minutes for opening statements. Duplicative statements by co-parties will not be allowed. The parties are directed to meet and confer on a deadline for exchanging demonstratives to be used in each side's opening statements.
3. Each side may have up to 45 minutes for closing arguments.
4. Trial days are Monday through Thursday. Fridays are generally reserved for the Court's other matters, but may be used here if the case is ready for closings, the jury is deliberating, or the parties and the Court otherwise agree.
5. Trial will be held each trial day from 9:00 a.m. to 2:30 p.m., with two 15-minute breaks.

## III. VOIR DIRE AND JURY SELECTION

1. The Court will likely seat 7 jurors for the trial.
2. The parties are directed to submit a neutral statement of the case, not to exceed one paragraph, for the Court to read to the prospective jurors before voir dire.

3. The Court will conduct the voir dire based on the questions proposed by the parties and the Court's own questions and practices. The voir dire will be posted on the docket prior to jury selection.

4. The parties will have three peremptory challenges per side, pursuant to 28 U.S.C. § 1870.

5. The Court will use the "strike and replace" method for jury selection. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged.

### IV. JURY MATERIALS AND OTHER TRIAL PROCEDURES

1. **Jury notebooks**. Jurors will be permitted to take notes. The parties will prepare jury notebooks and bring 9 copies on the first day of trial. The notebooks should be in the form of 2" 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number), and include these materials:

   a. If useful, a glossary of relevant terms and abbreviations, to be prepared jointly by the parties.

   b. 50 pages of blank, college-lined paper.

   c. A tab for witness photos. The jury will be provided with a color photo (a headshot) of each witness just before that witness takes the stand. The party calling the witness is responsible for providing the Courtroom Deputy with 9 three-hole punched, letter-sized copies of each photo. The Courtroom Deputy will distribute the photos to the jury. The witness must appear exactly the same in the photo as they will appear on the witness stand (e.g., same clothing, hairstyle, eyewear). The photo will include the witness's name, but no other information.

   d. Tabs for the preliminary and final jury instructions, which the Court will distribute.

2. **Jury questions**. The Court will allow the jurors to ask questions during the trial. Questions will be in writing and submitted to the Court before the witness is excused. The Court will screen the questions, and may confer with the parties in a sidebar, before posing a jury question to a witness.

4

3. **Sidebars**.  There will be no attorney-initiated sidebars during trial.

4. **Motions**.  No motions may be filed during trial without prior leave of the Court.

5. **Objections**.  Counsel must stand to state any objections, and should do so by simply stating the rule that forms the basis of the objection.  No arguments or elaborations should be made unless called for by the Court.

6. **Witness Call**.  Each party must have its witnesses for the trial day available in the courthouse and ready to testify.  Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

7. **Witness Disclosure**.  Unless the parties agree otherwise, a party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- by 5:00 p.m. California time one business day in advance of calling the witness to the stand.  For example, a witness to be called Wednesday must be disclosed by 5:00 p.m. on Monday.  Monday witnesses must be disclosed by Thursday, and Tuesday witnesses by Friday.

8. **Witnesses Excluded from Courtroom**.  At the joint request of the parties and pursuant to FRE 615, the Court orders all witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony.  This exclusion order does not apply to party corporate representatives.  FRE 615(b).

9. **Presentation of Witnesses**.  Witnesses will be put on the witness stand only once.  For example, if plaintiffs call a witness that defendant also intends to call, defendant's examination of the witness will follow the plaintiffs' examination.

10. **Expert Witnesses**.  The parties should schedule the presentation of expert testimony to occur back-to-back by subject matter.

11. **Video Appearances**.  Witnesses may not appear at trial via video conference.  The parties should keep video deposition testimony to a minimum and consider the use of actors to read deposition testimony into the record should a witness be unavailable to testify in person.

12. **Exhibits and Witness Binders**. Exhibits should be prepared on a witness-by-witness basis. The parties are directed to prepare witness binders that include those exhibits that will be offered during that witness's testimony and which the party will move for admission into evidence. Two copies of each witness binder should be handed to Ms. Clark at the start of each witness's testimony. No other copies of trial exhibits need be prepared or submitted to the Court.

13. **Evidence at trial**. The parties may offer evidence via an Elmo projector or in the form of large poster boards, but the Court advises the parties that all admitted trial exhibits will be made available to the jury in electronic format for their deliberations.

14. **Realtime**. The parties may request a live, remote Realtime feed for their trial team members who cannot be present in the courtroom. *See* [Transcripts / Court Reporters | United States District Court, Northern District of California (uscourts.gov)](#).

15. **Newer lawyers**. The Court encourages both sides to give as many substantive opportunities to junior lawyers as is possible during the trial.

## V. JURY INSTRUCTIONS

1. The parties will file a joint set of proposed jury instructions by June 26, 2024.

**IT IS SO ORDERED.**

Dated: June 25, 2024

JAMES DONATO
United States District Judge